1  TIMOTHY M. FLAHERTY, State Bar No. 99666
     tflaherty@mpplaw.com
2  HOLIDAY D. POWELL, State Bar No. 245135
     hpowell@mpplaw.com
3  MORRIS, POLICH & PURDY LLP
   Attorneys at Law
4  One Embarcadero Center, Suite 400
   San Francisco, CA  94111
5  Telephone:  (415) 984-8500
   Facsimile:  (415) 984-8599
6
   Attorneys for Plaintiff/Counter-Defendant
7  KG FUNDING, INC.

8  DAVID R. BURTT, State Bar No. 201220
     dburtt@mobilitylegal.com
9  MOBILITY LEGAL P.C.
   317 Washington St. #207
10 Oakland, CA  94607
   Telephone:  (510) 208-1909
11
   Attorneys for Defendant/Counter-Claimant
12 TIM PARTRIDGE

13                 UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

15

16 | KG FUNDING, INC.,                     | Case No. CV 13-2473 MEJ

17 |                        Plaintiff,     | **STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION, AND/OR TRADE SECRETS**

18 |        v.

19 | TIM PARTRIDGE,

20 |                        Defendant.

21 |

22 | TIM PARTRIDGE,

23 |                        Counter-Claimant,

24 |        v.

25 | KG FUNDING, INC., KERNER 3D TECHNOLOGIES, LLC, and ERIC EDMEADES,

26 |

27 |                        Counter-Defendants.

28

STIPULATED PROTECTIVE ORDER
Case No. CV 13-2473 MEJ

1.    PURPOSES AND LIMITATIONS

        Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

2.    DEFINITIONS

        2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

        2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

        2.3    Counsel (without qualifier):  Outside Counsel of Record (as well as their support staff).

        2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

        2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

-2-

1   testimony, transcripts, and tangible things), that are produced or generated in disclosures or

2   responses to discovery in this matter.

3        2.6   Expert: a person with specialized knowledge or experience in a matter pertinent to

4   the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

5   consultant in this action.

6        2.7   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

7   Items: extremely sensitive "Confidential Information or Items," disclosure of which to another

8   Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

9   less restrictive means.

10       2.8   Non-Party: any natural person, partnership, corporation, association, or other legal

11  entity not named as a Party to this action.

12       2.9   Outside Counsel of Record: attorneys who are not employees of a Party to this

13  action but are retained to represent or advise a Party to this action and have appeared in this action

14  on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

15       2.10  Party: any party to this action, including all of its officers, directors, employees,

16  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

17       2.11  Producing Party: a Party or Non-Party that produces Disclosure or Discovery

18  Material in this action.

19       2.12  Professional Vendors: persons or entities that provide litigation support services

20  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

21  organizing, storing, or retrieving data in any form or medium) and their employees and

22  subcontractors.

23       2.13  Protected Material: any Disclosure or Discovery Material that is designated as

24  "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

25       2.14  Receiving Party: a Party that receives Disclosure or Discovery Material from a

26  Producing Party.

27

28

-3-

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection

- 4 -

1   initially asserted, that Designating Party must promptly notify all other Parties that it is

2   withdrawing the mistaken designation.

3       5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

4   (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

5   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

6   designated before the material is disclosed or produced.

7       Designation in conformity with this Order requires:

8       (a)   <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but

9   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

10  affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

11  ONLY" to each page that contains protected material.  If only a portion or portions of the material

12  on a page qualifies for protection, the Producing Party also must clearly identify the protected

13  portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each

14  portion, the level of protection being asserted.

15      A Party or Non-Party that makes original documents or materials available for inspection

16  need not designate them for protection until after the inspecting Party has indicated which material

17  it would like copied and produced.  During the inspection and before the designation, all of the

18  material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

19  ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

20  copied and produced, the Producing Party must determine which documents, or portions thereof,

21  qualify for protection under this Order.  Then, before producing the specified documents, the

22  Producing Party must affix the appropriate legend "CONFIDENTIAL" or "HIGHLY

23  CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

24  If only a portion or portions of the material on a page qualifies for protection, the Producing Party

25  also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the

26  margins) and must specify, for each portion, the level of protection being asserted.

27      (b)   for testimony given in deposition or in other pretrial or trial proceedings, that the

28  Designating Party identify on the record, before the close of the deposition, hearing, or other

- 5 -

proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to thirty (30) days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to thirty (30) days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

   **Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.**

   (c)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

   5.3   Inadvertent Failures to Designate.  The inadvertent production by any of the Parties or Non-Parties to this action of any document, testimony or information during discovery in this

- 6 -

1    action without a "CONFIDENTIAL" designation, shall be without prejudice to any claim that

2    such item is "CONFIDENTIAL" and such Party shall not be held to have waived any rights by

3    such inadvertent production.  In the event that any document, testimony or information that is

4    subject to a "CONFIDENTIAL" designation is inadvertently produced without such designation,

5    the Party that inadvertently produced the document shall give written notice of such inadvertent

6    production within twenty (20) days of discovery of the inadvertent production, together with a

7    further copy of the subject document, testimony or information designated as "CONFIDENTIAL."

8    6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

9            6.1      Timing of Challenges.  Any Party or Non-Party may challenge a designation of

10   confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

11   designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic

12   burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

13   challenge a confidentiality designation by electing not to mount a challenge promptly after the

14   original designation is disclosed.

15           6.2      Meet and Confer.  The Challenging Party shall initiate the dispute resolution

16   process by providing written notice of each designation it is challenging and describing the basis

17   for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written

18   notice must recite that the challenge to confidentiality is being made in accordance with this

19   specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in

20   good faith and must begin the process by conferring directly (in voice to voice dialogue; other

21   forms of communication are not sufficient) within 14 days of the date of service of notice.  In

22   conferring, the Challenging Party must explain the basis for its belief that the confidentiality

23   designation was not proper and must give the Designating Party an opportunity to review the

24   designated material, to reconsider the circumstances, and, if no change in designation is offered, to

25   explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage

26   of the challenge process only if it has engaged in this meet and confer process first or establishes

27   that the Designating Party is unwilling to participate in the meet and confer process in a timely

28   manner.

- 7 -

1    6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court

2    intervention, the Designating Party shall file and serve a motion to retain confidentiality under

3    Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of

4    the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer

5    process will not resolve their dispute, whichever is later.  Each such motion must be accompanied

6    by a competent declaration affirming that the movant has complied with the meet and confer

7    requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such

8    a motion including the required declaration within 21 days (or 14 days, if applicable) shall

9    automatically waive the confidentiality designation for each challenged designation.  In addition,

10   the Challenging Party may file a motion challenging a confidentiality designation at any time if

11   there is good cause for doing so, including a challenge to the designation of a deposition transcript

12   or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a

13   competent declaration affirming that the movant has complied with the meet and confer

14   requirements imposed by the preceding paragraph.

15   7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

16       7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or

17   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

18   defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to

19   the categories of persons and under the conditions described in this Order.  When the litigation has

20   been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

21   DISPOSITION).

22       Protected Material must be stored and maintained by a Receiving Party at a location and in

23   a secure manner that ensures that access is limited to the persons authorized under this Order.

24       7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered

25   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

26   information or item designated "CONFIDENTIAL" only to:

27       (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

28   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

- 8 -

1  information for this litigation and who have signed the "Acknowledgment and Agreement to Be

2  Bound" that is attached hereto as Exhibit A;

3       (b)    the officers, directors, and employees of the Receiving Party to whom disclosure is

4  reasonably necessary for this litigation and who have signed the "Acknowledgment and

5  Agreement to Be Bound" (Exhibit A);

6       (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is

7 .  reasonably necessary for this litigation and who have signed the "Acknowledgment and

8  Agreement to Be Bound" (Exhibit A);

9       (d)    the court and its personnel;

10       (e)    court reporters and their staff, professional jury or trial consultants, and

11  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

12  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

13       (f)    during their depositions, witnesses in the action to whom disclosure is reasonably

14  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

15  **unless otherwise agreed by the Designating Party or ordered by the court**.   Pages of

16  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

17  separately bound by the court reporter and may not be disclosed to anyone except as permitted

18  under this Stipulated Protective Order;

19       (g)    the author or recipient of a document containing the information or a custodian or

20  other person who otherwise possessed or knew the information.

21       7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

22  Information or Items.   Unless otherwise ordered by the court or permitted in writing by the

23  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

24  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

25       (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

26  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

27  information for this litigation and who have signed the "Acknowledgment and Agreement to Be

28  Bound" that is attached hereto as Exhibit A;

- 9 -

STIPULATED PROTECTIVE ORDER
Case No. CV 13-2473 MEJ

1          (b)       Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for

2   this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

3   A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

4          (c)       the court and its personnel;

5          (d)       court reporters and their staff, professional jury or trial consultants, and

6   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

7   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

8          (e)       the author or recipient of a document containing the information or a custodian or

9   other person who otherwise possessed or knew the information.

10        7.4     <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY</u>

11  <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.</u>

12          (a)       Unless otherwise ordered by the court or agreed to in writing by the Designating

13   Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item

14   that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant

15   to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies

16   the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

17   information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the

18   full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy

19   of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each

20   person or entity from whom the Expert has received compensation or funding for work in his or

21   her areas of expertise or to whom the expert has provided professional services, including in

22   connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by

23   name and number of the case, filing date, and location of court) any litigation in connection with

24

25

26       [1] If the Expert believes any of this information is subject to a confidentiality obligation to a

27   third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the

28   Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

- 10 -

1   which the Expert has offered expert testimony, including through a declaration, report, or

2   testimony at a deposition or trial, during the preceding five years.[2]

3       (b)    A Party that makes a request and provides the information specified in the

4   preceding respective paragraphs may disclose the subject Protected Material to the identified

5   Expert unless, within 14 days of delivering the request, the Party receives a written objection from

6   the Designating Party.  Any such objection must set forth in detail the grounds on which it is

7   based.

8       (c)    A Party that receives a timely written objection must meet and confer with the

9   Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

10  agreement within seven days of the written objection.  If no agreement is reached, the Party

11  seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7

12  (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking

13  permission from the court to do so.  Any such motion must describe the circumstances with

14  specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary,

15  assess the risk of harm that the disclosure would entail, and suggest any additional means that

16  could be used to reduce that risk.  In addition, any such motion must be accompanied by a

17  competent declaration describing the Parties' efforts to resolve the matter by agreement (*i.e.*, the

18  extent and the content of the meet and confer discussions) and setting forth the reasons advanced

19  by the Designating Party for its refusal to approve the disclosure.

20      In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden

21  of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

22  outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

23

24

25

26

27  [2]/ It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

28  information.

- 11 -

1   8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
2        LITIGATION

3        If a Party is served with a subpoena or a court order issued in other litigation that compels

4   disclosure of any information or items designated in this action as "CONFIDENTIAL" or

    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:
5
6        (a)   promptly notify in writing the Designating Party.  Such notification shall include a

7   copy of the subpoena or court order;

8        (b)   promptly notify in writing the party who caused the subpoena or order to issue in

9   the other litigation that some or all of the material covered by the subpoena or order is subject to

10  this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order;

    and
11
12       (c)   cooperate with respect to all reasonable procedures sought to be pursued by the

    Designating Party whose Protected Material may be affected.[3]
13
14       If the Designating Party timely seeks a protective order, the Party served with the subpoena

15  or court order shall not produce any information designated in this action as "CONFIDENTIAL"

16  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the

17  court from which the subpoena or order issued, unless the Party has obtained the Designating

18  Party's permission.   The Designating Party shall bear the burden and expense of seeking

19  protection in that court of its confidential material – and nothing in these provisions should be

20  construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful

    directive from another court.
21
22  9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
         LITIGATION
23
         (a)   The terms of this Order are applicable to information produced by a Non-Party in
24
    this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
25
    ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with
26

27  _____

28  [3]/  The purpose of imposing these duties is to alert the interested parties to the existence of this
    Protective Order and to afford the Designating Party in this case an opportunity to try to protect its
    confidentiality interests in the court from which the subpoena or order issued.

                                          - 12 -

STIPULATED PROTECTIVE ORDER
Case No. CV 13-2473 MEJ

1    this litigation is protected by the remedies and relief provided by this Order.  Nothing in these

2    provisions should be construed as prohibiting a Non-Party from seeking additional protections.

3          (b)      In the event that a Party is required, by a valid discovery request, to produce a Non-

4    Party's confidential information in its possession, and the Party is subject to an agreement with the

5    Non-Party not to produce the Non-Party's confidential information, then the Party shall:

6                1.      promptly notify in writing the Requesting Party and the Non-Party that

7    some or all of the information requested is subject to a confidentiality agreement with a Non-

8    Party;

9                2.      promptly provide the Non-Party with a copy of the Stipulated Protective

10   Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

11   the information requested; and

12               3.      make the information requested available for inspection by the Non-Party.

13         (c)      If the Non-Party fails to object or seek a protective order from this court within 14

14   days of receiving the notice and accompanying information, the Receiving Party may produce the

15   Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely

16   seeks a protective order, the Receiving Party shall not produce any information in its possession or

17   control that is subject to the confidentiality agreement with the Non-Party before a determination

18   by the court.[4]  Absent a court order to the contrary, the Non-Party shall bear the burden and

19   expense of seeking protection in this court of its Protected Material.

20   10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

21         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

22   Material to any person or in any circumstance not authorized under this Stipulated Protective

23   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

24   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

25   Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

26

27   ―――――――――――――
     [4]   The purpose of this provision is to alert the interested parties to the existence of
28   confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its
     confidentiality interests in this court.

terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).   This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is

- 14 -

1   privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a

2   Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-

3   5(d) and General Order 62 is denied by the court, then the Receiving Party may file the Protected

4   Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by

5   the court.

6   13.   <u>FINAL DISPOSITION</u>

7           Within 60 days after the final disposition of this action, as defined in paragraph 4, each

8   Receiving Party must return all Protected Material to the Producing Party or destroy such material.

9   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

10  summaries, and any other format reproducing or capturing any of the Protected Material. Whether

11  the Protected Material is returned or destroyed, the Receiving Party must submit a written

12  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

13  by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected

14  Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained

15  any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any

16  of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

17  archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

18  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product,

19  and consultant and expert work product, even if such materials contain Protected Material. Any

20  such archival copies that contain or constitute Protected Material remain subject to this Protective

21  Order as set forth in Section 4 (DURATION).

22          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

23  DATED: January **3**, 2014          **MORRIS, POLICH & PURDY LLP**

24

25                                      By
                                        Timothy M. Flaherty

26                                      Attorneys for Plaintiff/Counter-Defendant
                                        KG FUNDING, INC.
27

28

- 15 -

1    DATED: January **3**, 2014            **MOBILITY LEGAL P.C.**

2

3                                          By:
                                              David R. Burtt
4                                          Attorneys for Defendant/Counter-Claimant
                                           TIM PARTRIDGE
5
     PURSUANT TO STIPULATION, IT IS SO ORDERED.
6

7    DATED: _____January 7_____, 2014    _____

8                                          Magistrate Judge Maria-Elena James
                                           United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                         - 16 -

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *KG Funding, Inc. v. Tim Partridge*, Case No. CV 13-2473 MEJ. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                      [signature]

- 17 -