UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KG FUNDING, INC.,

    Plaintiff,

v.

TIM PARTRIDGE, et al.,

    Defendants.

Case No. 13-cv-02473-MEJ

**ORDER RE: SETTLEMENT REFERRAL AND TERM SHEET**

    The Court is in receipt of the parties' joint status report concerning whether to proceed with a judicially supervised settlement conference with Magistrate Judge Elizabeth D. Laporte. Dkt. No. 99. Plaintiff/Counter-Defendant KG Funding, Inc. ("KGF"), Counter-Defendant Kerner 3D Technologies, LLC ("Kerner 3D"), and Counter-Defendant Eric Edmeades (collectively, the "Kerner Parties") generally are in favor of a settlement conference with Judge Laporte, whereas Defendant/Counter-Claimant Tim Partridge is against it. *Id.*

    By way of background, back on July 24, 2015, the Court granted the parties' request to refer this matter to another magistrate for a settlement conference, and the case was subsequently referred to Judge Laporte. Dkt. No. 81. As the parties were unable to attend a conference before the deadline for filing dispositive motions, on August 26, 2015, the Court granted the parties' request to continue all pretrial and trial deadlines. Dkt. No. 83. The Court granted a second continuance on October 29, 2015. Dkt. No. 86. As part of its October 29 Order, the Court directed the parties to contact Judge Laporte's chambers and thereafter file a status report regarding scheduling. As of December 7, 2015, the parties had still not filed a status report or scheduled a settlement conference. But in the meantime, Partridge filed an Application for Writ of Possession on November 19, 2015. *See* Dkt. Nos. 88. Given those circumstances, on December 11, 2015, the Court vacated all pending non-discovery-related pretrial and trial deadlines and ordered the parties to contact Judge Laporte's chambers immediately to schedule a settlement conference. Dkt. No. 95. The Court also denied Mr. Partridge's Application without prejudice,

noting the apparent lack of urgency for the issuance of a writ and the fact that there was still some dispute about whether the parties' 2014 settlement term sheet was enforceable. *Id.* The Kerner Parties have previously contended the term sheet requires the parties to mediate their disputes related to this case rather than bring them before the Court. Dkt. No. 74 at 2 (Mar. 5, 2015 Joint Case Management Statement). Following the December 11 Order vacating the trial deadline, Partridge submitted a letter to the Court essentially contending that the enforceability of the term sheet is a threshold issue that should be resolved before a settlement conference. Dkt. No. 96. The Court ordered the parties to meet and confer on this issue and submit a status report, which they did as noted above. Dkt. Nos. 98, 99. Partridge suggests the Court could rule the term sheet is void based on the evidence already in the record or that Partridge could file a motion to declare the term sheet null, whereas the Kerner Parties suggest that a settlement conference should be scheduled, after which, if unsuccessful, they will file a motion to enforcement the term sheet. Dkt. No. 99 at 2-6.

The Court is sensitive to Partridge's concern about not needlessly stalling this case when the enforceability of the term sheet may be dispositive. That said, Partridge has not explained why first attending a settlement conference with Judge Laporte is objectionable. While Partridge indicates the Kerner Parties seek to delay the proceedings, both parties have contributed to the delay up until this point, and now may be the best time to resolve this matter through a settlement conference. Accordingly, the Court **ORDERS** as follows:

(1) The parties shall contact Judge Laporte's chambers immediately to schedule a settlement conference no later than March 11, 2016. The parties shall file a joint status report within seven days after the settlement conference.

(2) If any party claims the 2014 settlement term sheet precludes the Court's resolution of this case, that party must file a motion to enforce the term sheet **by March 18, 2016**.

**IT IS SO ORDERED.**

Dated: February 4, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge

2